Judge Usdejcwoou,
delivered the opinion of the Court.
Price Curd and Newton Card administered on the goods and chattels of William Bradshaw, deceased, and executed the ordinary administration bond, prescribed by statute, with Benjamin Bradshaw, their surety. At a subsequent period, Catharine, Benjamin and Edward Bradshaw, were appointed adminis-tratrix, and administrators, de bonis non, of the goods and chattels of William Bradshaw, deceased; whereupon they instituted suit against Benjamin Bradshaw, the surety for the Curds, in the name of the commonwealth, upon their administration bond, assigning for breach, that the bonds had not, nor had any of their heirs, executors, or administrators, paid over to the relatives, the residue of the goods, chattels and credits, of the intestate, remaining in the hands of the administrators, after the settlement of their accounts with the court. Judgment was obtained, by default, against Bradshaw, the plaintiff in error, for $3422 €4 3-4 cents, and costs. At the end of the judgment, there is this entry, “The said administrators agree, that the defendant, and the administrators of Newton Curd,deceased, may resort to a court of equity, for any further credits, to which they may be entitled.”
Administrators de bonis mm are entitled to the goods and chattels, in specie, which belonged to the intestate, and remain unadministered, or not sold by the *633 lirst administrators, but, beyond this, they have no right to call the representatives or sureties of the first administrators, to account; Graves vs. Downey, III. Monroe, 356; Slaughter, &c. vs. Froman, and ux. V. Monroe, 20. If the administrators de bonis non claimed any specific article, detinue, or trover, or trespass, was their appropriate remedy, and it is difficult to conceive any case, where they could maintain a suit, in the name of the commonwealth, upon the bond of the first administrators. The declaration, in the present Case, entirely fails to make out any cause of action.
Haggin and Thompson) for plaintiff; Hewilt, for defendant.
It is contended, however, that the addition to the judgment quoted above shews, an agreement, which estops the paintiifin error, to take advantage of the -glaring illegality of the proceeding. This cannot be allowed. It does not purport to be an agreement of Bradshaw’s. It is merely a voluntary concession, on the parlof the relators. It would be highly improper to consider Bradshaw, as bound by it, when the record shews, that the judgment Was obtained on .his default, and states, that, although solemnly called, he tame not.
The judgment of the circuit court is reversed, and set aside, and the cause remanded, for proceedings not inconsistent herewith. The plaintiff in error inust recover his costs in this court, of the defendants, in propria persona.